IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **IN THE MATTER OF** | : | |
| MB JOMA, INC. | : | CASE NO. 05-08110 (SEK) |
| DEBTOR | : | CHAPTER 11 |
| ------------------------------: | | |
| MB JOMA, INC. | : | ADV. PROC. 06-0155 |
| PLAINTIFF | : | |
| V. | : | |
| FELIX OLMO NIEVES, PATRICIA CASTILLO CEDEÑO, and the legal: conjugal partnership constituted by them | : | |
| DEFENDANTS | : | |
| ------------------------------- | | |

**FILED & ENTERED**

APR 0 3 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Before the court is Creditors', Felix Olmo Nieves and Patricia Cedeño ("the Olmos"), Motion to dismiss and/or for summary judgment, and Debtor in Possession's ("DIP") response opposing the dismissal. For reasons that follow, we deny the motion and grant the remedies requested in the complaint.

**Background**

In this complaint DIP challenges the secured status of Defendants' claim #36 based on two arguments. First, it argues the Olmos' claim is not secured by a duly perfected lien. Next, DIP submits that assuming, *arguendo*, that the Olmos have a valid



1

lien on estate property by way of a perfected cautionary notice, this cautionary notice expired by operation of law.[1] Thus, DIP urges us to order the Registrar of the Property to cancel the cautionary notice and declare Defendants' are unsecured creditors of the estate.[2]

### Undisputed Facts

Debtor is in the construction and development business. Before filing for bankruptcy protection, the Olmos sued Debtor in the Insular Courts for breach of contract, collection of monies and damages, seeking the transfer of title over two apartments.[3] The Olmos asked for and obtained an Order of cautionary notice of complaint[4] concerning "Finca Num." 18584, a lot containing a building owned by Debtor, known as Condominium Senide. The order was presented for registration on February 14, 2003.

The parties settled their differences. Instead of transferring title over the apartments, DIP agreed to a monetary compensation. On August 1st, 2003, the Insular Court entered a

---

[1] Given our ruling here, we need not reach reach the question of whether the cautionary notice expired by operation of law.

[2] We consider this request a cross motion for entry of judgment summarily.

[3] The parties did not submit copy of the complaint filed in the state court, nor did they present certified copy of the cautionary notice registered.

[4] As explained here, a cautionary notice of complaint is akin to a *lis pendens*.

consent judgment accordingly. The consent judgment was not registered and the cautionary notice was not cancelled in the Registry of Property.

On August 30, 2005, Debtor filed its petition for bankruptcy under Chapter 11 of the Code. The Olmos filed proof of claim #36 in the amount of $224,000.00, plus interest. They claim a secured status, attaching the mentioned consent judgment.

### Discussion

The Olmos now ask for the dismissal of this complaint, arguing they have a perfected judicial lien over Debtor's real property.[5] They rely on the cases of *In re Moscoso Villaronga*[6] and *In re Carlos Rivera*[7]. These cases state that a court ordered cautionary notice of attachment, presented to the Registry of Property pursuant to the Puerto Rico's Mortgage and Property Registry Act of 1979, creates a judicial lien.

We note this complaint concerns a cautionary notice of complaint[8], not a cautionary notice registering a prejudgment

---

[5] Judicial lien is defined as "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding", 11 U.S.C. § 101(36); lien meaning, "charge against or interest in property to secure payment of a debt or performance of an obligation". 11 U.S.C. § 101 (37)

[6] 111 B.R. 13 (Bankr. P.R. 1989).

[7] 130 B.R. 377 (Bankr. P.R. 1991).

[8] *In Cruz La Corte v. Registrador*, 109 P.R.R. 466, 469 (1980), the Supreme Court of Puerto Rico recognizes that the ends

3

attachment. We also note the Olmos' legal argument relies exclusively on the mentioned cases, without discussing the nature of a cautionary notice of complaint and the differences, if any, between a cautionary notice of attachment, and a cautionary notice of complaint.

Debtor's legal memorandum is also limited. It states that a cautionary notice of complaint is a provisional remedy, without any further analysis or explanation.

We begin by examining the laws of Puerto Rico.[9] As pertinent, Section 2401 of the Mortgage Law of P.R. states:

> The following may request that cautionary notices on their respective rights be entered in the Registry:
> 1st. A person who, in a lawsuit, claims ownership to real property or the constitution, declaration, modification or extinction of any recordable right or one who files his claim in an action that affects a title to real property, or on the validity and force,



of a *lis pendens* are analogous to those of the cautionary notice of complaint in our mortgage code. *See also Quirós López v. Unanue Casals, (In re Unanue Casals)*, 998 F.2d 28, 33 (1st Cir. 1993). This opinion also contains a brief history of the use of cautionary notices and notices of *lis pendens* in Puerto Rico, *Cruz La Corte*, 109 P.R.R. at 468-472.

[9] It has been long recognized "that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having 'generally left the determination of property rights in the assets of a bankrupt's estate to state law'". (citations omitted). *Travelers Casualty & Surety v. Pacific Gas*, 107 S. Ct. 1199, 1205 (2007). "What claims of creditors are valid and subsisting obligations against bankrupt at time a petition in bankruptcy is filed is a question which, in absence of overruling federal law, is to be determined by reference to state law." *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 161, 67 S. Ct. 237 (1946).

4

or the lack of validity or force, of the title or titles involved in the acquisition, constitution, declaration, modification or extinction of the above-cited recordable rights.
...

30 Laws of P.R. Ann. § 2401

Former Supreme Court Justice, Antonio Negrón García[10], citing *Kemelmajer,* describes the nature of this notice as:

[l]a anotación de demanda ha sido definida como, "el asiento registral de vigencia temporalmente limitada que publica la pendencia de un proceso sobre una situación registrada o registrable."

Unless extended as required by the law, the cautionary notice of complaint may be cancelled four years after its registration. 30 Laws Of P.R. § 2465.[11] As explained by the Supreme Court of Puerto Rico, in the case of *Segarra v. Vda. de Lloréns*, 99 P.R.R. 58, 66 (1970),

The cautionary notice of lis pendens, either under § 91 of the Code of Civil Procedure,..., or under Art. 42 of the Mortgage Law, ...- the difference between both provisions is rather of form than of substance, ...- has the purpose of preserving the due respect to the administration of justice, avoiding that the judicial judgments become inofficious by acts of the defendant which prevent the execution of a judgment. It does not give nor take away rights. It only takes to the registry the existence of a suit which may place in jeopardy the recorded title. Its virtue consists, then, in making known to *future* acquirers the existence of a litigation whose result may be prejudicial to their

---

[10] Antonio Negrón García, *La Calificación de Documentos Judiciales,* 36 Rev. Jurídica U. Inter. P.R. 277, 286 (2002).

[11] Notwithstanding, "this term may be extended by order of the court for additional four - year periods, provided the extensions are presented in the Registry of Record before the entry is cancelled". *Ibid.*

interests.  It is a simple warning which warns the *subsequent* acquirers of possible causes for nullity of the recorded titles so that they may not allege, later, ignorance of those causes of nullity. (Footnote omitted).

Mojica Sandoz,[12] describes the differences between these two cautionary notes as,

> Nótese que las anotaciones de demanda son un asiento de mera publicidad, evita que por acción del Artículo 105 pueda un tercero quedar protegido del resultado del pleito. ... Lo que en realidad afecta la finca es el propio pleito, la anotación no grava la finca sino que da a conocer el pleito.  Si el pleito es conocido por el tercero, éste no gozará de la protección de la fe pública, aunque no exista anotación.  En el caso del embargo, por otro lado, estamos ante un verdadero gravamen, una hipoteca judicial, tiene un efecto positivo que parte de sí mismo.  Por un lado, si no se traba el embargo, el conocimiento que tenga el tercer adquirente de la existencia del pleito no afecta su buena fe; por otro lado, trabado el embargo, si se concede una cantidad mayor al reclamante que la garantizada por el embargo, la finca responderá sólo por la cantidad consignada en la anotación; es decir que el pleito en nada afecta la finca, el embargo sí.

Thus, the cautionary notice of complaint does not create a "charge against or interest in property, secure payment of a debt or any performance of an obligation." 11 U.S.C. § 101(37).[13]

WHEREFORE, we deny the request for dismissal, finding the Olmos are unsecured creditors of this estate in bankruptcy because

---

[12] Mojica Sandoz, *Apuntes sobre el origen, efectos y extinción de las anotaciones de demanda y de embargo* 52 Rev. Jur. U.P.R. 451,461 *(1983)*

[13] Judge Feeney reached the same result in a case involving *lis pendens* authorized by the laws of Massachusetts in *In re Adamson*, 312 B.R. 16 (Bkrtcy. Mass. 2004).

the cautionary notice of complaint is not a lien pursuant to 11 U.S.C. § 101(37). The Registrar of the Property shall proceed to cancel the abovementioned cautionary notice of complaint.

**SO ORDERED**, in San Juan, Puerto Rico, on April 2, 2008.

SARA DE JESÚS
U. S. Bankruptcy Judge